UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

QUALITY CARRIERS, INC.,

                              Plaintiff,

   -against-                                    1:06-CV-1170
                                                        (LEK/DRH)

LONNIE S. RANDOLPH, JR.,
d/b/a RANDOLPH CHEMICAL CO.,

                              Defendant.

**DECISION AND ORDER**

      Presently before the Court is a Motion for default judgment filed by Plaintiff Quality Carriers, Inc. ("Plaintiff"). Plaintiff filed a Complaint with the Court on October 2, 2006 alleging that Defendant Lonnie S. Randolph ("Defendant") had failed to pay freight charges for the interstate transportation of goods delivered by Plaintiff between April 3, 2000 and October 1, 2004. Compl. (Dkt. No. 1). Pursuant to 49 U.S.C. § 13706, Plaintiff is seeking an award of damages in the amount of $16,084.81, $3,430.69 in interest on the outstanding balance at an interest rate of nine (9) percent from October 1, 2004, and $200.00 in costs and attorneys' fees incurred in this action, amounting to $19,715.50. Motion for Default Judgment (Dkt. No. 5). A process server attempted to serve Defendant on three separate occasions; he eventually affixed a copy of the Complaint and a summons to the door of Defendant's last known address and also mailed additional copies of the documents to the same dwelling. See Service Aff. (Dkt. No. 4). Plaintiff's counsel advised the Honorable David R. Homer, United States Magistrate Judge, of Defendant's failure to appear and the Rule 16 conference scheduled for February 13, 2007 was adjourned without date. See February

12, 2007 Notice.

Federal Rule of Civil Procedure 55 provides a two-step process for obtaining a default judgment: (1) the plaintiff must seek to have the clerk of the court enter a default against a party that has not appeared or defended; and (2) the plaintiff must apply for a judgment of default from either the clerk or the court, depending on if the claim is for "a sum certain." See FED. R. CIV. P. 55(a) & (b). In the instant action, in response to Plaintiff's request, the Clerk of the Court reviewed the docket, determined that Defendant had been properly served and had not appeared, and entered a default against Defendant. See Entry of Default (Dkt. No. 6). Accordingly, Defendant is in default.

When a court finds that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Johnson v. Home Savers Consulting Corp., No. 04-CV-5427 (NG) (KAM), 2007 U.S. Dist. LEXIS 24288, at *12 (E.D.N.Y. Mar. 23, 2007), adopted 2007 U.S. Dist. LEXIS 26879 (E.D.N.Y. Apr. 11, 2007). Accepting Plaintiff's allegations as true, the Complaint adequately establishes Defendant's liability.[1] However, while Defendant's default constitutes a concession of liability, it is not considered an admission of damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The United States Court of Appeals for the Second Circuit has held that, pursuant to Federal Rule of Civil Procedure 55(b)(2), courts must ensure that there is a basis for the damages specified in the judgment, and not simply accept the moving party's statement of damages. Transatlantic

---

[1] Plaintiff's counsel submitted an affidavit in support of Plaintiff's Motion for default judgment. See Taroff Aff. (Dkt. No. 5). In his affidavit, Plaintiff's counsel states that the instant action is to recover unpaid telephone communication service fees owed by Defendant under the Federal Communications Act of 1934. Id. at ¶¶ 3-4. The Court notes that this assertion is completely unsupported in Plaintiff's Complaint and appears to have no relevance to the Motion before the Court and this action.

Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  In order to determine the amount of damages following a default, it is not necessary for a court to hold to an in-person hearing; the court may rely on detailed affidavits and documentary evidence to fix damages after a default judgment has been entered.  See id.  Other than restate the damages claims in its Complaint, Plaintiff failed to submit affidavits and other documentation to support its claim for damages.  For Plaintiff's convenience and in the interest of conserving judicial resources, instead of a conducting a hearing, the Court orders Plaintiff to submit the relevant documentation to support its damages claim.  See Rose v. Zillioux, No. 5:98-CV-1882 (FJS/GHL), 2007 U.S. Dist. LEXIS 6278 (N.D.N.Y. Jan. 29, 2007) (Scullin, Senior D.J.).

      Accordingly, it is hereby

      **ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 5) is **GRANTED** with respect to the issue of liability; and it is further

      **ORDERED**, that Plaintiff shall file affidavits and other documentation to support its claim for damages **WITHIN THIRTY (30) DAYS** of the date of this Order; and it is further

      **ORDERED**, that Plaintiff serve a copy of this Order and all additional papers it filed with the Court in this action upon Defendant at his last known address and shall file an affidavit of service with the Court demonstrating that it has done so; and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

      **IT IS SO ORDERED**.

DATED:    July 09, 2007
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge